**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

KIM VENARD CALLOWAY                                                              PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:14-CV-710-JGH

MICHAEL McLAURINE et al.                                                        DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Kim Venard Calloway, filed a *pro se*, *in forma pauperis* complaint under 42

U.S.C. § 1983 (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C.

§ 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other*

*grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the reasons set forth below, the action will

be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues Louisville Metro Police Officer Michael McLaurine and two unknown

officers in their official capacities.  He alleges that on October 25, 2013, he received calls from a

female acquaintance who announced that she was coming to his house.  Plaintiff told her that he

was sick and did not want her company, to which she responded she was coming over anyway

"and if I find out there is any other woman in your company, I am going to kick your door in,

and harm you and the woman."  Because of her persistent "phone threats," Plaintiff states that he

felt the need to protect himself so he called his next-door neighbor, his ex-wife, and his son to

explain the situation and to ask them to call the police.  He states that "if Plaintiff called the

police the police would do nothing to protect me, and that I would probably be locked up."

Plaintiff states that the woman did indeed come to his house and knocked on his door, but

he refused to let her in "because I knew it would be trouble."  He states that he called the police

after she started kicking his back door.  Before the police arrived she ran back and forth between

his front and back doors "assaulting his doors with a make shift hatchet."  Plaintiff's son arrived.

Then the police arrived and requested entry but Plaintiff refused "because of fear of them and

because they were not at all concerned about the woman destroying my house."  Plaintiff states

that the police caught the woman, questioned her, and let her go "on her promise that she would

go home."  Plaintiff states that when the police left, the woman returned and continued "her

assault on the house."  He states, "Police were called again and this time she was arrested but

they gave me no report after I was finally convinced by my son to let police in my house."  He

alleges that the police did not obtain the weapon or seem concerned that he had called for

protection.

He further alleges that after he "posed some questions to police" he was told that if he

had not let them in they would have kicked down the door and arrested him.  Plaintiff states:

"I admit Plaintiff was upset because police had taken no action on my behalf after witnessing this

assault on my house.  I had done nothing at all, and felt completely threatened by police."  He

continues, "[T]his is when I first learned of a domestic violence policy that police informed

Plaintiff[] police were in fact acting under."  Plaintiff alleges his equal protection and due

process rights under the Fifth and Fourteenth Amendments have been violated.  He alleges,

"Because I am male and not female I have suffered actual prejudice, extreme discrimination,

because of my gender."  He also alleges that the police have breached their fiduciary duty owed

to Plaintiff "negligently and intentionally."  As relief, he asks for monetary and punitive

damages.

## II. ANALYSIS

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *§ 1983 claims*

Suing Louisville Metro police officers in their official capacities, as Plaintiff does, is equivalent to suing the entity which employs them, in this case, the Louisville Metro Government.  *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil

rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, like the Louisville Metro Government, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). With regard to demonstrating the responsibility of the municipality there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Here, Plaintiff alleges the existence of a policy, but his allegations fall far short of alleging a constitutional violation.

Plaintiff states that police were called to his house two times. According to the complaint, both times police officers responded to the calls and came to his house. The first time, they caught the woman in question, questioned her, and let her go after she promised to go home. After the woman returned, the police again returned, and, this time, arrested her. Plaintiff does not explain how his equal protection or due process rights were violated where police responded both times he called, ensured the woman left his property the first time, and arrested her the second time.

Plaintiff also complains that after the woman's arrest, "they gave me no report . . . did not obtain the weapon . . . [and did not] seem at all concerned that I had called them (police) for MY protection." He does not explain how his not being given a copy of the woman's arrest report violated his rights. As to his complaint that the police did not "obtain" the weapon, Plaintiff's complaint states that the weapon was a "make shift hatchet that have been on [his] back porch,"

4

suggesting that the hatchet was actually Plaintiff's property.  Once again, Plaintiff fails to explain how the police not obtaining the hatchet violated his rights.

Thus, the facts as put forth by Plaintiff do not show a constitutional violation.  And, Plaintiff's mere assertion that his constitutional rights have been violated is not sufficient to state a § 1983 claim.  The Court is not required to accept conclusory and unsupported statements. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).  Where a plaintiff "pleads a legal conclusion without surrounding facts to support the conclusion stated in this claim, he fails to state a claim." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).  Therefore, the Court will dismiss Plaintiff's § 1983 claims for failure to state a claim upon which relief may be granted.

### *State-law claims*

Plaintiff also alleges that the police breached their fiduciary duty to him.  Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims regarding breach of fiduciary duty.  *See* 28 U.S.C. § 1367(c)(3).  Those claims will be dismissed without prejudice.

## III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate order, dismiss Plaintiff's complaint.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4412.009